## Siwinski v. Northeast Dodge Co., Inc.

*Rames Bucci*, for plaintiff.
*Frederick Schofield*, for defendant.

BULLOCK, *J.*, October 6, 1978—Plaintiff has filed a complaint in equity to set aside contract, attaching a copy of a contract dated August 4, 1977, whereby defendant sold to plaintiff a 1973 Ford Pinto automobile for $2,600. The contract provided, inter alia: "C. Warranties. Buyer is buying the Vehicle 'as is' and no representation, promise or warranty, express or implied, has been made with respect to the merchantability, suitability or fitness for purpose of the Vehicle or otherwise unless the same is endorsed hereon in writing or contained in a separate written instrument signed by the original Seller." The contract on its face also provided: "THIS CONTRACT IS SUBJECT TO THE DISCLAIMER OF WARRANTIES AND ADDITIONAL TERMS AND PROVISIONS SET FORTH ON THE

REVERSE SIDE HEREOF, THE SAME BEING INCORPORATED HEREIN BY REFERENCE."

Paragraphs 11 and 12 of the complaint state as follows:

"11. Plaintiff was assured by the defendant, acting by its agents and employees, that the Ford was in good condition and suitable for operating on the streets.

"12. Plaintiff was defrauded of his Buick and money for exchange of a useless wreck, relying on the representations of the defendant acting as aforesaid."

Upon assignment of this case to this court for trial, it appearing that there were no crucial issues of fact, the court indicated it would entertain an oral motion for summary judgment from defendant and directed and subsequently received memoranda of law from both sides. Defendant filed a written motion for summary judgment. In our view, defendant's motion must be granted.[1]

Section 2-316(2)(3)(a) of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-316(2)(3)(a), provides as follows:

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of

---

1. Preliminary objections were filed by defendant and subsequently overruled. It is apparent from this opinion that, had they been before us, we would have sustained them. Defendant's counsel, at the conference before this court, indicated that in argument on the preliminary objections it raised an issue of fact as to whether plaintiff had inspected the car. In our view, resolution of this issue is not necessary for decision.

fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'there are no warranties which extend beyond the description on the face hereof.'

"(3) Notwithstanding subsection (2)(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty . . ."

In the present case, the written disclaimer specifically refers to three warranties: "merchantability," "suitability" and "fitness for purpose." Moreover, the disclaimer above-quoted is printed in bolder type than the remainder of the page and the reference to the disclaimer on the front page of the contract is in bold type. We find, therefore, that the disclaimer was "conspicuous."

Plaintiff contends, however, that the exclusion of warranties provision of the code is not applicable because of defendant's fraud. We note initially that section 2-316 of the code makes no reference to fraud as negating a disclaimer. We do not believe, however, that this omission was intended to change the law set forth in Industrial Rayon Corp. v. Clifton Yarn Mills, Inc., 310 Pa. 322, 165 Atl. 385 (1933). In that case the Supreme Court approved the trial judge's charge in which he advised the jury that they could render a verdict for the buyer despite an "as is" contract if they found that the seller had misrepresented the origin of the goods and that the buyer had relied on this misrepresentation. Thus, if a seller makes specific representations

about the *history or past condition* of property and the buyer relies on them, even though the property is sold "as is," plaintiff has an action. This is in marked contrast to the present situation where the alleged misrepresentation is in effect simply an oral warranty as to *present condition.* To permit recovery on such an oral warranty would not only negate the Uniform Commercial Code, but would violate the parol evidence rule.

We recognize that in recent years the law has moved in the direction of giving greater protection to consumers in their purchases. The above-quoted provisions of the code are an obvious example. Moreover, we take judicial notice of the fact that used car dealers have a reputation for sharp dealing known to the average consumer. We note plaintiff's statement in his brief that "Plaintiff and a mechanic friend discussed with the defendant to buy said Ford." We believe plaintiff's taking a mechanic with him to defendant indicated his knowledge that it was his own obligation to inform himself as to the condition of the car and that he could not rely on defendant for this information.[2] However, apart from any question of a seller's honesty, used automobiles are a risk; no one can predict

---

2. In his new matter, defendant averred that: "16. Before entering into the sales contract, a mechanic, who was at all times relevant hereto plaintiff's agent, servant, workman and/or employee examined the 1973 Pinto Ford as fully as he desired." In his reply, plaintiff stated: "Denied. Plaintiff and his friend were not told of latent defects." We believe this is an inadequate denial under Pa.R.C.P. 1029. Moreover, in light of the statement in plaintiff's brief, we strongly suspect that plaintiff's reply is a misstatement of fact under oath. We further call counsel's attention to Rule 1023 with respect to his obligation as an attorney signing a pleading.

when various parts may fail. The code thus still permits sales of cars "as is." Simple economics tell us that a seller cannot get as much for a product sold "as is" as for a similar product for which he has the responsibility of warranties. At the conference before the court, plaintiff's counsel repeatedly referred to "latent" defects. A seller sells a product "as is" precisely because he does not want to assume responsibility for latent defects. The fact in this case that defendant may initially have undertaken to make some repairs on the car did not enlarge his contractual obligation.

### ORDER

And now, October 6, 1978, defendant's motion for summary judgment is granted. Plaintiff's complaint in equity to set aside contract is dismissed.